UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JOHN STEVEN THOMPSON,

    Plaintiff,

v.                        **CASE NO. 10-22659-CIV-GOLD/GOODMAN**

EMI RESORTS, INC., et al.,

    Defendants.
_____/

SHARON LYNNE THOMPSON,

    Plaintiff,

v.                        **CASE NO. 10-22661-CIV-GOLD/GOODMAN**

EMI RESORTS, INC., et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATIONS

THIS MATTER is before the Court on Defendants' motions to dismiss [10-22659, ECF Nos. 31-34; 10-22661, ECF Nos. 21-24].[1] For the reasons below, the Undersigned **RESPECTFULLY RECOMMENDS** that the District Court: (1) **DISMISS** the Thompsons' claims **WITHOUT PREJUDICE** for lack of prosecution and failure to follow court orders; and (2) **DENY** the motions to dismiss **AS MOOT**.[2]

---

[1] The District Court referred these motions to the Undersigned for a report and recommendations by an order of reference dated February 29, 2012. [10-22659, ECF No. 35; 10-22661, ECF No. 25].

[2] The complaints at issue can be found at ECF No. 24 in case number 10-22659 and ECF No. 13 in case number 10-22661. The parties have made what appear to be identical filings, including the complaints, in case numbers 10-22659 and 10-22661. For

1

I.  **BACKGROUND**

This case involves the claims of Plaintiffs, who are proceeding *pro se*, against various defendants relating to Plaintiffs' failed real estate investments. [ECF No. 24].[3] Plaintiffs filed their most recent amended complaints on December 29, 2011. [ECF No. 24]. On February 15, 2012, multiple defendants filed four timely motions to dismiss Plaintiffs' amended complaints based on failure to join indispensible parties, *forum non conveniens*, improper venue, failure to state a claim, lack of personal jurisdiction, and a general failure to comply with the Federal Rules of Civil Procedure. [*See* ECF Nos. 29; 36 (providing a detailed procedural history and a defendant-by-defendant description of the motions to dismiss)].[4]

Plaintiffs did not respond to the motions within the time allowed by the Local Rules. Therefore, on March 15, 2012 the Undersigned ordered Plaintiffs to respond by April 5, 2012. [ECF No. 36]. In that order, the Undersigned cautioned Plaintiffs that "their failure to respond to the motions by this deadline will likely result in a recommendation to Judge Gold that their cases be dismissed for lack of prosecution and/or failure to follow court orders." [*Id.* (emphasis in original)].

Instead of responding as ordered, on April 4, 2012 Plaintiffs moved for an extension of time. [ECF No. 37]. Plaintiffs expressed that they intended to respond but were unable to do so because they lacked counsel and requested additional time in

---

simplicity's sake, the Undersigned will from this point on only cite to docket entry numbers in case number 10-22659.

[3]   The Plaintiffs were originally represented by counsel, but the District Court permitted counsel to withdraw on November 28, 2011. [ECF No. 14].

[4]   Although these motions were filed after the complaint response deadline given by Federal Rule of Civil Procedure 12, the motions were timely under the Undersigned's Case Management Order entered on January 19, 2012. [ECF No. 29].

2

order to obtain counsel. Defendants opposed the extension of time on two grounds. First, Plaintiffs have already had several months since they filed their amended complaints to obtain counsel. Second, the Court has already instructed Plaintiffs to respond, but Plaintiffs have not responded or otherwise complied with the Local Rules or Federal Rules of Civil Procedure. [ECF Nos. 38; 39].

In light of Defendants' objections, the Undersigned granted the motion only in part. [ECF No. 40]. The Undersigned allowed Plaintiffs until May 21, 2012 to file responses but specifically cautioned Plaintiffs that the "deadline is **not** contingent upon Plaintiffs actually obtaining counsel" and that if Plaintiffs did not respond "then the Undersigned will likely recommend that the District Court dismiss Plaintiffs' cases for lack of prosecution and/or failure to follow court orders." [*Id.* (emphasis in original)].

The second extended deadline has now expired but Plaintiffs have not responded to the motions and no counsel has appeared on Plaintiffs' behalves.

## II. LEGAL AUTHORITY

Federal district courts have inherent authority to manage their own docket to ensure the "'orderly and expeditious disposition of cases.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962)). A district "court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." *Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (affirming dismissal of an amended complaint because the plaintiff did not follow the court's instructions in drafting it) (citing Fed. R. Civ. P. 41(b)). In fact, a district court may even dismiss a case *with prejudice* if it determines the plaintiff has exhibited "a clear record of delay or contumacious

conduct." *McKelvey v. AT&T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) (internal quotation marks omitted); *see also Chamorro v. Puerto Rican Cars, Inc.*, 304 F.3d 1, 4 (1st Cir. 2002) (noting that a court may dismiss a case if a party engages in "foot-dragging" or other behavior that causes "a wasteful expenditure of the court's time"); *cf. Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999) (noting that a "plaintiff in a civil case has no constitutional right to counsel"); *Rudolph v. Mobis Alabama, LLC*, Civ. Act. No. 2:06cv994-ID, 2008 WL 220755, at *2 (M.D. Ala. Jan. 25, 2008) (recommending a without-prejudice dismissal for failure to prosecute in light of plaintiff's *pro se* status despite evidence the plaintiff chose to abandon his case); S.D. Fla. L. R. 7.1(c) (providing that a party's failure to respond to a motion "may be deemed sufficient cause for granting the motion by default").

### III.   ANALYSIS

Plaintiffs have had nearly six months to obtain counsel since their original counsel withdrew and nearly five months since filing their amended complaints. Moreover, Plaintiffs have had approximately three and a half months since Defendants filed their motions to dismiss either to file *pro se* responses or to obtain counsel to submit appropriate responses, but Plaintiffs have done neither.

This Court has been more than patient and flexible with Plaintiffs. Under the Local Rules, Plaintiffs' responses to the motions to dismiss were originally due by March 5, 2012. Plaintiffs did not respond by that date but, keeping in mind that Plaintiffs were proceeding *pro se*, the Undersigned waited an additional ten days past the deadline to make absolutely certain that Plaintiffs did not intend to respond. The Undersigned then *sua sponte* granted Plaintiffs an additional three weeks to respond but, again, Plaintiffs

did not do so and instead moved for an extension of time to find counsel. Over Defendants' otherwise reasonable objections, the Undersigned provided Plaintiffs with an additional two weeks to respond to the motions.

The Undersigned understands that Plaintiffs are not attorneys. *Pro se* status, however, does not excuse a failure to abide by deadlines or court orders, especially in light of multiple generous extensions of those deadlines. The Undersigned notes that *pro se* litigants are common in this district and routinely litigate their own cases without any assistance from counsel.

Because of Plaintiffs' repeated failures to follow court orders and deadlines, the Undersigned **RESPECTFULLY RECOMMENDS** that the District Court **DISMISS** their claims **WITHOUT PREJUDICE** and **DENY** the motions to dismiss **AS MOOT**.

The Undersigned is recommending a without-prejudice dismissal in recognition of the fact that Plaintiffs are *pro se* and do not appear to be intentionally flouting the Court's authority. Instead, it appears that Plaintiffs simply believe they lack the ability to draft meaningful responses to the motions to dismiss. Finally, in making this recommendation, the Undersigned is <u>not</u> taking a position on the merits of Plaintiffs' claims or the motions to dismiss, the validity of any possible defenses to the claims, or whether there may be any other bars to Plaintiffs raising their claims again in the future. Rather, the Undersigned is merely recognizing that it is Plaintiffs' obligation to pursue their claims and if they refuse or are unable to do so then this case cannot proceed.

## IV.   RECOMMENDATIONS

For the reasons above, the Undersigned **RESPECTFULLY RECOMMENDS** that the District Court: (1) **DISMISS** the Thompsons' claims **WITHOUT PREJUDICE** for lack

5

of prosecution and failure to follow court orders; and (2) **DENY** the motions to dismiss **AS MOOT**.

### V. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(b), the parties have fourteen (14) days after being served with a copy of this Report and Recommendations to serve and file written objections, if any, with the District Court. Each party may file a response to the objections within 14 days of the objections. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Court of an issue covered in this report and bar them from attacking on appeal the factual findings contained herein. *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) (citing *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988)).

**RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, this 23rd day of May, 2012.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**

The Honorable Alan S. Gold
All counsel of record